Cite as: 595 U. S. \_\_\_\_ (2021)     1

# SUPREME COURT OF THE UNITED STATES

## CARL WAYNE BUNTION *v.* BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 20–8043.   Decided October 4, 2021

The petition for a writ of certiorari is denied.

Statement of JUSTICE BREYER respecting the denial of certiorari.

Carl Wayne Buntion was convicted of capital murder in Texas and sentenced to death in 1991. App. to Pet. for Cert. 18. Because his original sentencing was unconstitutional, he was granted a resentencing and again sentenced to death in 2012. *Id.,* at 18–21. He has now been on death row under threat of execution for 30 years. He tells us that he has spent the last 20 of those years in solitary confinement, isolated in his cell for 23 hours a day. Pet. for Cert. 1. He further tells us that, at age 77, he is now the oldest prisoner on Texas' death row. *Ibid.* Texas does not dispute these facts. Buntion now asks the Court to consider whether execution after such an extended delay is cruel and unusual in violation of the Eighth Amendment.

I recognize the procedural obstacles that make it difficult for the Court to grant certiorari in Buntion's case. I write, however, to underscore how this case illustrates the problems with the death penalty that I identified in my dissenting opinion in *Glossip* v. *Gross*, 576 U. S. 863, 908 (2015), and in a number of other cases since then, see, *e.g., Hamm* v. *Dunn*, 583 U. S. \_\_\_ (2018) (statement respecting denial of application for stay and denial of certiorari); *Smith* v. *Ryan*, 581 U. S. \_\_\_ (2017) (statement respecting denial of certiorari). I continue to believe that excessive delay both

"undermines the death penalty's penological rationale" and is "in and of itself . . . especially cruel because it 'subjects death row inmates to decades of especially severe, dehumanizing conditions of confinement.'" *Glossip, supra,* at 925. The Court has previously recognized that the uncertainty of waiting in prison under the threat of execution, even for a span of just four weeks, is "one of the most horrible feelings to which [a person] can be subjected." *In re Medley*, 134 U. S. 160, 172 (1890). On top of that, solitary confinement bears "'a further terror and peculiar mark of infamy.'" *Id.,* at 170; see also *Davis* v. *Ayala*, 576 U. S. 257, 289 (2015) (Kennedy, J., concurring) ("Years on end of near-total isolation exact a terrible price"). Buntion has now been subjected to those conditions for decades. His lengthy confinement, and the confinement of others like him, calls into question the constitutionality of the death penalty and reinforces the need for this Court, or other courts, to consider that question in an appropriate case.